IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA

| | |
|---|---|
| DERRILYN D. NEEDHAM ) | |
| ) | |
| Petitioner ) | |
| ) | |
| vs. ) | |
| ) | Civil Action No. |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| UNITED STATES MARSHAL'S ) | |
| OFFICE, UNITED STATES ) | |
| MARSHAL ERIC GARTNER, ) | |
| ) | |
| ) | |
| Defendants ) | |

## COMPLAINT

Now comes Derrilyn Needham, hereinafter Plaintiff, , pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, seeks compensatory damages arising from Defendants United States of America (hereinafter "US), United States Marshal's Office (hereinafter "USM"), and United States Marshal Eric Gartner, (hereinafter "Gartner"), for negligence in failing to adhere to the prevailing professional standard of care to protect Plaintiff from physical harm while under their exclusive care, custody, and control, as required by the Constitution of the United States, and in support thereof, states as follows:

## JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 in that this action arises under the laws of the United States of America and is

1

premised on the acts and omissions of the Defendant acting under color of federal law. This Court further has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b) in that this is a claim against the Defendant United States of America, for money damages, accruing on or after January 1, 1945, for personal injury caused by the negligent and wrongful acts and omissions of employees of the Government while acting within the course and scope of their office or employment, under the circumstances where the Defendant, if a private person, would be liable to the Plaintiff.

Jurisdiction founded upon the federal law is proper in that this action is premised upon federal causes of action under the Federal Tort Claims Act (hereinafter "FTCA"), 28 U.S.C. § 2671, *et. seq.* 4. Pursuant to the FTCA, 28 U.S.C. § 2671, *et. seq.*, the Plaintiff on or about October 1, 2021, Plaintiff presented this claim to the appropriate federal agency for administrative settlement under the FTCA requesting $2,000,000.00 or more. Plaintiff has not received a response in writing to the aforementioned final notice made on Standard Form 95. This lawsuit was then timely filed, pursuant to 28 U.S.C. § 2401(b) in that it was presented to the appropriate federal agency within two years of accrual and this action was filed within six months of the mailing of the Standard Form 95, which has not yet been answered.

## VENUE

Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), as Defendant does business in this judicial district and the events or omissions giving rise to the claims occurred in this judicial district.

2

## PARTIES

Plaintiff is an inmate in the custody of the Federal Bureau Of Prisons (hereafter freferred to as "BOP"), an agency of the Defendant US, and currently resides at a BOP facility in Tallahassee, Florida a correctional facility owned and operated by Defendant US. Defendant US, through Defendant USM, was responsible for the transportation of Plaintiff to various facilities as designated by Defendant US, and all times pertinent to this complaint Garner exercised the authority necessary to carry out those designations to facilities designated by the USM as suitable for inmates such as Plaintiff. As a result of the decisions of one or more of all defendants, either singly, or in concert, Plaintiff was transferred to a BOP holding facility in Grady County, Oklahaooma.

## FACTUAL ALLEGATIONS

Defendants, US, USM, and Garner are subject to suit for personal injury caused by the negligent and wrongful acts and omissions of employees of the Government while acting within the course and scope of their office or employment, under the circumstances where the Defendant, if a private person, would be, would be liable to the Plaintiff, pursuant to the FTCA. At all times material to this action, Defendants were responsible for the care and safety of all inmates under their sole custody and control.

## STATEMENT OF CLAIM

Plaintiff first came into the federal criminal justice system in

January 2004, and has been in the custody of the BOP since that time. After a legthy pretrial period, Plaintiff pleaded guilty, and at the time of sentencing, her sentencing judge incorporated into her judgement, that due to her underlying health problems that she be confined by the BOP in the state of Florida. In 2017, when the Plaintiff was resentenced, the sentencing judge made a similar recommendation: "the court makes the following recommendations to the Bureau of Prisons: Please house defendant in a facility in a warm climate if practicazble for defendant's medical conditions."

It is axiomatic that whenever an inmate comes into the BOP, the United States Probation Officee collecxts information on t6he physical health of the inmate , which is incorporated into their Presentence Report, accessible by allauthorized U.S. Government employees, including all Defendants herein, with a few keystroke

Notwithstanding these judicial directives, and Plintiff's known physical vulnerabilities, Defendants caused the tranfer of Plaintiff from FDC Brooklyn to Grady County Enforcement Center, in Oklahoma. She was healty when she left FDC Brooklyn, but upon he rarrival in Oklahoma, and transfer to Grady County, she was neither medically screened, and nor tested for COVID-19 virus. This serious and often fatal illness was sweeping the country at the time of her transfer and had aalready affected the health of large numbers of Grady County inmates and staff. Plaintiff, whose temperture was not takenat R and D intake or in medical, was immediate placed into the jail's general population, and housedwith state, county, and federal inmates.

That at that facility, no precautions were taken in accordance with standards for mitigation of COVID-19 among custodial populations, published by the Center for Disease Control (CDC). There was no social distancing , no hand sanitizers, insufficent hand soap, cleaning supplies, and most importantly, no immediate medical attention for inmates who were displaying visible signs of flu-like symptoms.

When Plaintiff complained of these conditions to jail staff, she was rebuffed. Her unit, which was abovecapacity, was not being cleaned, and the toilets, showers, phones, microwaves, and tables, who received heavy use, were also never cleaned or sanitized. There was no masking by inmates or staff. Medical care was virtually non-existent.

At the time of Plaintiff's transfer by Defendants to Grady County, the high level of COVID-19 infections there was already known. That high level of COVID-19 infections at Grady County, was also known to Plaintiff's defense counsel, who unsuccessfully sought to block Plaintiff's transfer to Oklahoma from FDC Brooklyn. In fact, the BOP had already ceased accepting any prisoners transferred from Grady County, due to their high COVID-19 positivity rates, and the fact that some individuals employed by the U.S. Marshals transferring prisoners from Grady County to other BOP facilities were giving all transferees Tylenol so they would not have measurable fevers when they were screened at their new facility.

That as a direct and proximate cause of the Defendant's negligence, Plaintiff contracted COVID-19, and suffed and continues to suffer sever debilitating illness, including but not

limited to shortness of breath, dizziness, difficulty concentrating, neusea, repetitive loss of nails on toes due to a

diagnoses of COVID toes in or about June of 2021, which continues to currently affects Plaintiff, insomia, Brain fog, swelling of hands and feet, high pulse rate, overheating of body, pain in extremities, irregularity.

That since her transfer to Tallshassee, Plaintiff continues to suffer recurrent symptoms of these conditions, which the CDC has termed "Long Covid," which the BOP neither recognizes nor treats. That as result of the actions of Defendants, Plaintiff faces a future of uncertain health, and probable loss of income and a shortened lifespan.

As the direct and proximate result of the negligence and carelessness, of the Defendants and each of them, their agents and employees, Plaintiff now requires, and will require in the future, continued medical care, medication, and possible rehabilitation, and will suffer loss of income from her previous profession, in an amount that cannot now be determined.

## CONCLUSION

WHEREFORE Plaintiff, Derrilyn Needham, demands judgment against the Defendant, United States of America, the United States Marshal Service, and U.S. Marshall Eric Gartner, as follows:

a. The sum of $2,000,000.00 or more; b. Costs of suit; c. Post-judgment interest; and d. Such other relief as the court may deem just and proper.

Respectfully Submitted,

By: _DERRilyn Needham_

## CERTIFICATE OF SERVICE

Petitioner does hereby certify that Petitioner caused to be served a true and correct copy of this Petition was duly served on all attorneys of record on the ____ day of ____ 2022, through the Prison Mail System.

Signed: _Derrilyn Needham_

6

Derrilyn Needham
82130-054
F.C.I. Tallahassee
P.O. Box 5000
Tallahassee, FL
32314






U.S. POSTAGE PAID
FCM LG ENV
TALLAHASSEE, FL
32301
APR 20, 22
AMOUNT
$0.00
R2304P118788-6



U.S.M.S. X-RAY

RECEIVED
APR 25 2022

Clerk's Office
United States District Court
Eastern District of Pennsylvania
James A. Byrne United States
Courthouse
601 Market Street
Philadelphia, PA 19106-1729

Legal Mail

LEGAL MAIL


